*479 P.2d 409*

**STATE of Arizona, Appellee,**

v.

**William Howard WHEATLEY, Appellant.**

**No. 2135.**

Supreme Court of Arizona,
In Banc.

Jan. 13, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

H. K. Wilhelmsen, Prescott, for appellant.

LOCKWOOD, Justice:

Two informations were filed against defendant in the Superior Court of Yavapai County. Originally case number 6317 contained three counts: kidnapping, robbery and assault with a deadly weapon; and case number 6357 charged defendant with armed robbery. They were consolidated for trial. Amended informations were filed charging kidnapping in case number 6317, and assault with force in case number 6357, as a result of a stipulation between defendant and the county attorney. Defendant pled guilty to the charges in each amended information and was thereafter sentenced to not less than eight nor more than ten years on the kidnapping charge, and not less than two nor more than five years on the assault charge. The two sentences were ordered to be served consecutively.

Court-appointed counsel appealed, and in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 filed a brief, indicating that he had been unable to find reversible error, but suggesting that perhaps the ordering of the sentences to run consecutively might be considered as an abuse of discretion by the trial court. We do not agree. Ordering sentences to be run consecutively is an acknowledged prerogative of trial courts in criminal cases. We have repeatedly held that we will not revise a sentence which is within the statutory limits for the crime committed, in the absence of clear evidence of an abuse of discretion. State v. Small, 105 Ariz. 363, 464 P.2d 955.

We have examined the complete record on appeal. It, of course, contains

no trial transcript, since there were guilty pleas. There are, however, transcripts of the proceedings which took place at the arraignment and at the sentencing. It is obvious from the record that the change of plea occurred as a result of plea bargaining. If a defendant, adequately represented by counsel, has decided to change his plea from "not guilty" to "guilty" as a result of plea bargaining, there is a presumption that he knowingly, voluntarily, and understandingly consents to imposition of a prison sentence, (even if he is unwilling to admit his participation in the act constituting the crime), if there is a factual basis for the plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In the instant case the record shows that the trial judge asked defendant whether he wanted to plead guilty, whether his decision was free from threats and promises, whether his plea was voluntary, whether he actually committed the crimes with which he was charged, and whether he discussed the "plea and all the consequences of such plea" with his attorney. To all of these questions defendant replied in the affirmative, and the judge found that the plea was "a free and voluntary plea made after intelligent discussion with counsel."

The court did not state to the defendant the possible sentence which might be imposed under the charge, but after asking whether the defendant had discussed the plea and the consequences of such plea with his attorney, did ask defendant if there were any questions relative to the charge and the defendant replied "None whatsoever." While the better practice might be to inquire whether the defendant understood what the sentence could be under the charge, nevertheless the court determined that the defendant's answer that he had discussed the consequences of the plea with his counsel, indicated an intelligent knowledge of what he might face in entering the plea of guilty.

For the above reasons we are of the opinion that the court properly found that the plea was free and voluntary and made after intelligent discussion with counsel.

Affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL, and CAMERON, JJ., concur.