481 P.2d 839

The STATE of Arizona, Appellee,

v.

Alan Craig LYCETT, Appellant.

No. 2125.

Supreme Court of Arizona,
In Division.

March 4, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Flynn & Kimerer, by John J. Flynn & Michael D. Kimerer, Phoenix, for appellant.

HAYS, Vice Chief Justice.

The appellant, on March 8, 1967, entered a plea of guilty to one count of an information alleging two counts of robbery. He was sentenced to not less than 15 nor more than 20 years, the sentence to run concurrently with other concurrent sentences from another county. Thereafter, on October 21, 1969, the appellant petitioned for a writ of habeas corpus in the Pinal County Superior Court. Before a hearing was had on the petition this court granted appellant's motion for delayed appeal and the petition for writ of habeas corpus was dismissed.

On his appeal appellant has raised three questions:

1. Was it reversible error for the appellant to be charged in two counts on the information when the complaint on which he was held to answer contained only one count?

2. Did the trial judge fail to ascertain the voluntariness of appellant's guilty plea, and if so, must the guilty plea be set aside?

3. Was the guilty plea coerced by a promise of a lesser sentence?

In discussing the questions in the order presented, we note that with regard to the first point raised the defendant waived his preliminary hearing before the magistrate and thereafter never raised the alleged discrepancy between the complaint and the information. Originally the appellant entered a plea of not guilty and even though he was represented by counsel, no motions were made attacking the information or requesting a remand for preliminary hearing.

It should be noted also that the complaint charged "robbed Pat Heidler and George Heidler," and the information charged— Count I, "robbed George Heidler," and Count II, "robbed Pat Heidler."

▇ Appellant contends that by the foregoing he was deprived of due process. Rule 79 of the Rules of Criminal Procedure, 17 A.R.S. reads as follows:

> *"Rule 79. Filing information for offense punishable by death or imprisonment in state prison; objection based on time of filing*
>
> No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information because of such fact before pleading to the merits."

We hold that this rule is fully dispositive of appellant's first contention, especially in view of the fact that he raises it for the first time on appeal. See State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964).

The appellant in his second contention urges the reversal of this case because the court failed to adequately ascertain the voluntariness of his plea. Over the past few years the law with regard to the procedure which must be used by the court in accepting guilty pleas has been in a state of transition. Following McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a spate of guilty plea cases were filed in this court.

In State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969), we took the position that the decision in Boykin, supra, would only be applied prospectively. The following quote from *Griswold* seems applicable here:

> "The trial judge in accepting Griswold's plea of guilty could not, of course, know that the only constitutionally permissible procedures were to be those which the United States Supreme Court had promulgated for use in criminal practice before the federal district courts. Neither was he endowed with the necessary precognition to anticipate that the statements of counsel made in the presence of the accused could not be relied upon as a true expression of his wishes." 457 P.2d at page 332.

Let us, however, first examine the record. The pertinent part of the transcript of change of plea reads as follows:

"MR. PATERSON: We will move the Court for permission to withdraw our plea of not guilty to Count 1 and enter a plea of guilty to it at this time.

THE COURT: All right. Mr. Lycett, is that your wish, that you plead guilty to this Count 1?

MR. LYCETT: Yes, Your Honor.

THE COURT: You realize you are charged with the crime of robbery?

MR. LYCETT: Yes, Your Honor.

THE COURT: Has anybody made any promises to you what would happen as far as whether you would be imprisoned or not if you plead guilty to this?

MR. LYCETT: No, sir.

THE COURT: Do you realize that by your pleading guilty, that robbery carries a penalty of no less than five nor more than life?

MR. LYCETT: Yes, Your Honor.

THE COURT: All right, the record will show then that the motion—change of plea is granted; that the Defendant pleas that he is guilty of the offense charged under Count 1 of the Information.

MR. CRISMON: At this time, Your Honor, the State would move, in the State of Arizona versus Alan Craig Lycett, also known as Alan Craig Minella, Case No. A–15538, to dismiss Count 2 of the Information in this case.

THE COURT: Do you have any objection to that, Mr. Paterson?

MR. PATERSON: No, Your Honor.

THE COURT: All right, motion to dismiss Count 2 will be granted. Set the time for sentencing one week from today, which would be March 15th at 9:30 in the morning." RT at pages 2–3.

■ Obviously from the foregoing it is apparent that the examination of the appellant by the court was not as searching as is presently being required. It is further obvious that the guilty plea was entered as a result of plea bargaining. The record reflects that a part of the bargain was the dismissal of one of the two counts and this was done. There is nothing here to suggest other than that the plea was voluntarily entered. We hold that in light of the *Griswold* decision there is no valid basis for reversal of the conviction on this point.

■ Perhaps of greater moment is appellant's third and final point wherein he contends that the change of plea was coerced. Allegedly the coercion came about because appellant was led to believe that he would receive not only a sentence concurrent with the one he was then serving but also a sentence which would not increase the amount of time he would have to

serve. Appellant also attempts to fault the trial court because of his failure to make inquiry as to the details of the bargain which induced the guilty plea. This point we believe is covered by our holding on the previous question.

In support of his position with regard to the alleged coercion, appellant refers us to the affidavit of his trial counsel; which affidavit was filed in the habeas corpus proceeding before the Pinal County Superior Court. The pertinent parts of the affidavit with regard to this point read as follows:

"4. To the best of my recollection, prior to the imposition of sentence on or about March 16, 1967, there were discussions between myself, Alan Craig Lycett, Robert Long, of the Pima County Probation Office, and representatives of the Pima County Attorney's office, which had as their subject the probable disposition of charges against Alan Craig Lycett.

5. To the best of my recollection, the result of those discussions and the relating of the matters discussed could reasonably have led Alan Craig Lycett to believe that any sentence imposed upon a plea of guilt in the above referenced cause would be of an approximate duration of eight years, and would run concurrent with sentences already imposed in Maricopa County.

6. Although I do not recall specific promises having been made to Alan Craig Lycett in regard to what sentence would be received, I do recall my own surprise, and the surprise of Mr. Robert Long and the surprise of Alan Craig Lycett when the actual sentence of fifteen to twenty years was imposed in Case No. A–15538. This recollection of surprise leads me to believe that in some measure we had all been given to expect that a lesser sentence would be forthcoming."

With regard to the final sentence of the quotation above, one is stricken with the thought that every practicing attorney

knows that the ultimate decision on sentencing is in the hands of the judge. The County Attorney, and the Probation Officer for that matter, can do nothing more than recommend.

It must be noted further that in paragraph denominated 4 in the affidavit the trial counsel speaks only about matters "prior to the imposition of sentence." This would, of course, logically have been after the plea of guilty was entered, since the probation officer was participating.

The record and even the matters with which appellant comes forward, seem to indicate that as a part of the bargain the best appellant could receive with regard to the length of sentence was a recommendation. Obviously the results of the bargain did not come up to appellant's hopes and expectations, but this can hardly be equated with coercion.

The record is unimpeached here. The appellant at the time of the entry of the plea flatly indicated that there were no promises. There is nothing before the court to refute that record.

Affirmed.

STRUCKMEYER, C. J., and CAMERON, J., concur.