481 P.2d 842

**STATE of Arizona, Appellee,**
v.
**Michael Duane LEUCK, Appellant.**
**No. 10282–PR.**

Supreme Court of Arizona,
In Banc.
March 10, 1971.
Rehearing Denied April 6, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Michael Duane Leuck hereafter referred to as defendant, was sentenced on August 12, 1969 upon his plea of guilty to possession of marijuana to serve no less than four nor more than eight years in the Arizona State Prison. From his conviction and sentence he filed an appeal in the Court of Appeals. That Court first issued an opinion and order reversing the trial court on the ground of failure to comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 then vacated its order on the ground that Boykin error could not be reached by appeal in the absence of a prior application to the trial court to vacate the guilty plea.

On July 31, 1969 defendant and Vincent Daniel Midey together with their counsel appeared before the court and the state moved to amend an information which had been filed on April 10, 1969 charging possession of marijuana, a felony, to possession of marijuana, which is an open-end charge under the same statute. The following inquiry was made by the court.

"THE COURT: You want to amend this from a felony to a misdemeanor?

"MR. STORRS: It is an open-end charge, if the Court please, and we are leaving it up to the Court's discretion.

"THE COURT: Are both Defendants here?

"MR. CHESTER: Yes, Your Honor. We'll waive the reading of the Information. The true names of the Defendants are Michael Duane Leuck and Vincent Daniel Midey, and the Defendants would like to enter a plea at this time, and waive the time for trial.

\*     \*     \*     \*     \*     \*

"THE COURT: Very well. It is so ordered. Mr. Leuck and Mr. Midey, now, I'll direct these questions to both of you.

Do each of you understand what we're doing here this morning?

"DEFENDANT LEUCK: Yes.

"DEFENDANT MIDEY: Yes.

"THE COURT: Do you understand that you are entering a plea of guilty to this charge of marijuana—

"DEFENDANT LEUCK: Yes, sir.

"DEFENDANT MIDEY: Yes, sir.

"THE COURT: —which is what we call an open-end charge. You could either be sentenced to the State Prison at Florence, or you could be sentenced to the County Jail with a fine, or you could be fined and could be placed on probation. Do you understand that?

"DEFENDANT LEUCK: Yes.

"DEFENDANT MIDEY: Yes.

"THE COURT: Now, do you voluntarily enter these pleas of guilty to this charge?

"DEFENDANT LEUCK: Yes.

"DEFENDANT MIDEY: Yes.

"THE COURT: I assume Mr. Chester, your Counsel, has gone over this matter with you?

"DEFENDANT LEUCK: Yes.

"DEFENDANT MIDEY: Yes."

The trial court further examined the defendant to determine that he understood that he was waiving his right to trial by jury, to confront and cross-examine witnesses and whether any threats or promises had been made, to which he responded that he understood, and that no threats or promises had been made to induce his change of plea.

In his appeal the defendant raises the question of whether the change of plea was made freely or voluntarily, or whether it was induced by promises. He also urges that the sentence was excessive.

■ Defendant was represented by counsel of his own choosing and stated that his attorney had gone over the matter of his change of plea with him. It was not necessary under these circumstances that the trial judge advise him of the range of

sentence. Upon the record it is apparent that as a result of a plea bargain the state agreed to amend the information so that the trial court could exercise its discretion to treat the offense as either a felony or misdemeanor without further recommendation from the state. It was stipulated that if the plea was withdrawn by defendant he waived any right to object to the reinstatement of the original information. Such agreements constituted the plea bargain, but were not "promises" or "threats" of what the ultimate sentence of the judge might be. A plea of guilty under these circumstances is an intelligent and voluntary act and the fact that it was made as a result of a "bargain" does not change its character. State v. Linsner, 105 Ariz. 488, 467 P.2d 238; State v. Wheatley, 106 Ariz. 524, 479 P.2d 409; Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L. Ed. 1009.

Defendant argues that in the event the plea of guilty was valid then the punishment was excessive, and advances a plea for reduction of sentence, arguing that neither defendant or society will benefit by his lengthy prison sentence. Defendant was arrested when found to be in possession of a hand rolled marijuana cigarette, a bottle containing two grams of marijuana, plastic syringes, hypodermic needles, empty gelatin capsules, a spoon, razor blades, tweezers, and matches, all of which he admitted at his sentencing. State v. Wheatley, supra. He was free on five years probation for a federal offense and had been hospitalized because of heroin charges and described by the probation officers as having a poor work record and a very bad arrest record. Whether defendant will benefit as a result of his incarceration we cannot predict. Defendant in effect questions the legislative wisdom of prohibiting possession of marijuana. It is not this Court's function to pass judgment upon the wisdom of legislation nor do we interfere with the trial court's use of discretion in imposing sentence when within statutory limits in the absence of abuse of such discretion.

Opinion of the Court of Appeals, 13 Ariz. App. 260, 475 P.2d 745 vacated and judgment and sentence of the trial court are affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and CAMERON, JJ., concur.