482 P.2d 861

**STATE of Arizona, Appellee,**

v.

**Michael John SULLIVAN, Appellant.**

**No. 2165.**

Supreme Court of Arizona,
In Banc.

March 25, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, William Carter, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant Michael John Sullivan appeals his conviction and sentence following a plea of guilty to the charge of illegal furnishing of marijuana, a felony, entered in open court on December 11, 1969. From the record it is evident the change of plea was the result of plea bargaining. He was sentenced by the court on January 22, 1970 to be confined in the Arizona State Prison for not less than five years nor more than six years. Following the imposition of sentence the court dismissed on motion of the county prosecutor three separate informations pending against defendant which related to other marijuana as well as burglary charges.

His principal argument on appeal questions the validity of his plea of guilty under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 [1] and McCarthy

1. Boykin, quoting McCarthy, held: "In the federal regime we have Rule 11 of the Federal Rules of Criminal Procedure which governs the duty of the trial judge before accepting a guilty plea. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. We said in that case:

"'A defendant who enters such a plea simultaneously waives several constitu-

tional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019. 82 L.Ed. 1461 [146 A.L.R. 357] (1938). Consequently, if a

v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. At the time defendant entered his plea he was represented by two attorneys and the record shows that the court examined defendant, who stated he was "guilty of the charge". The trial court informed the defendant of constitutional rights that he was waiving, that the range of sentence was from five years to life and that he would not be eligible for release on any basis in less than three years. The court held that the defendant's guilty plea was made knowingly, voluntarily and intelligently.

■ Defendant contends that the court failed to determine that there was a factual basis for this plea. We cannot agree, in view of the record. The transcript of the proceedings at the change of plea contains the following:

"THE COURT: All right.

"Q. Now are you entering a plea to this particular charge because you are guilty of the charge, or because you want the other three charges dismissed?

"A. I am guilty of the charge, Your Honor.

"Q. You would enter this plea whether or not the other three charges were dismissed because you are guilty of this particular charge?

"A. Yes, Your Honor."

Prior to sentencing defendant filed with the court a petition in mitigation which contained portions of the transcript at the preliminary hearing, which together with

the probation officer's report furnished the court with considerable information concerning the factual basis of the crime, i. e., furnishing marijuana. What is required to satisfy a court that there is a factual basis for the plea will differ in each case. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

■ Although the court is required to establish that there is a factual basis for the plea, we can find no requirement, as defendant urges, when a guilty plea is made, that the court inquire into matters which might have been offered in defense such as entrapment, the result of laboratory analysis of the substance to determine if in fact it was marijuana, and whether it was a usable quantity. These are matters to be raised at the preliminary hearing, or at trial.

■ We have considered defendant's claim of "Boykin" error without requiring defendant first to apply to the trial court to set aside the plea. State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (3–10–71) vacating State v. Leuck, 13 Ariz.App. 260, 475 P.2d 745. We specifically overrule any ruling to the contrary which requires that before an appeal may be entertained, the defendant must first petition the trial court to set aside his plea. The second contention of the defendant is therefore without merit.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and CAMERON, JJ., concur.

---

defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' Id., at 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d at 425."