483 P.2d 55

**STATE of Arizona, Appellee,**

v.

**Joe Flores GARCIA, Appellant.**

**No. 1 CA–CR 248.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 1, 1971.

Rehearing Denied May 4, 1971.

Review Denied June 1, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Asst. Public Defender, Phoenix, for appellant.

DONOFRIO, Judge.

Appellant, Joe Flores Garcia, appeals from a judgment of conviction of the crime of possession of marijuana and a sentence of five to seven years imposed thereon. Appellant will be referred to hereafter as defendant.

■ After the appeal was perfected the State filed a motion to suspend the appeal and to remand to the trial court for the purpose of considering the withdrawal of defendant's guilty plea. This motion was based on the assumption that it was improper for the appellate court to entertain the appeal without the question of whether the plea was improperly accepted, having been first presented to the trial court. See State v. Fuentes, 12 Ariz.App. 48, 467 P.2d 760 (1970). Defendant resisted the motion, contending that under the Constitution and law of our State he had an absolute right of appeal. We thereupon took the motion under advisement to be determined after hearing the arguments on the appeal.

We believe the cases of State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (filed March 10, 1971) and State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (filed March 25, 1971) answer the question presented by the motion to suspend and remand. In Leuck the Supreme Court considered defendant's claim of a "Boykin" error without requiring defendant first to apply to the trial court to set aside the plea. In Sullivan, which was a plea bargaining situation questioning the validity of a plea of guilty under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), our Supreme Court said:

"We specifically overrule any ruling to the contrary which requires that before an appeal may be entertained, the defendant must first petition the trial court to set aside his plea. The second contention of the defendant is therefore without merit." 107 Ariz. 99, 482 P.2d 862.

In view of the ruling in these cases we will consider the appeal on its merits.

The facts pertinent to this appeal were given at the preliminary hearing. The defendant with other passengers was driving his automobile when it became involved in an accident. The police were called to the scene. The first officer arriving noticed the two cars and several people standing around them. After investigation and giving of the necessary warnings, the officer arrested the defendant for driving while intoxicated. In checking out the car the officer noticed a plastic bag with green stuff in it which he believed was marijuana. The defendant was again given the usual warnings and after interrogation was arrested for the crime of possession of marijuana. The State does not question the fact that the officers obtained the marijuana (baggie, tin, half-smoked cigarette) from the automobile without a search warrant, nor that the marijuana was the basis for the filing of the complaint charging the defendant with the crime of possession. After the preliminary hearing the defendant was bound over for trial. The County Attorney thereafter filed the charge, together with an allegation of prior conviction.

At the time of trial on May 26, 1969, defendant's attorney presented a motion to suppress the evidence. Counsel urged that the arrest for drunken driving at the scene of an accident did not justify a search of the car and that the search was therefore in violation of the Fourth Amendment of the United States Constitution. The motion was denied. The court thereupon empaneled a trial jury and took the noon recess.

After the recess the defendant moved to withdraw his plea of not guilty to the crime charged provided the prior conviction be dismissed. The County Attorney agreed.

At the time of plea the court examined defendant who stated he was 34, had a ninth-grade education and did landscaping work for a living. He acknowledged he had possessed marijuana which was in the car on December 22, 1968, when he was arrested. The court advised the defendant that he could be imprisoned for not less than one nor more than ten years, or if the court saw fit it could punish him by incarceration in the county jail for not exceeding one year, or a fine not exceeding $1,000, or both such fine and imprisonment. Defendant stated that no promises or threats had been made to get him to enter the plea. The court then accepted his plea.

After imposing sentence the court informed defendant of his right to appeal. Defendant filed an affidavit of indigency and his notice of appeal in propria persona. Present counsel were appointed to represent him.

■ Defendant now contends that the plea he entered was induced by the deprivation of his constitutional rights and should therefore be considered as not having been entered voluntarily. His position is that it was the product of a form of coercion; that it was supposed to have taken place because the motion to suppress was denied; and that if the motion to suppress had been granted he would have continued on with the trial on his plea of not guilty.

We have been cited no case on the precise point, however we liken the issues to those in the cases considering relief from pleas of guilty when they were the illegal product of coerced confession. A leading case is McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). We believe the reasoning in McMann applies to the instant situation.

McMann holds that a completely counseled defendant who alleges that he plead guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus. Pertinent to our case is the following statement from McMann:

"Since we are dealing with a defendant who deems his confession crucial to the State's case against him and who would go to trial if he thought his chances of acquittal were good, his decision to plead guilty or not turns on whether he thinks the law will allow his confession to be used against him. For the defendant

who considers his confession involuntary and hence unusable against him at a trial, tendering a plea of guilty would seem a most improbable alternative. The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal, or, if necessary, in a collateral proceeding, and win acquittal, however guilty he might be. The books are full of cases in New York and elsewhere, where the defendant has made this choice and has prevailed. If he nevertheless pleads guilty the plea can hardly be blamed on the confession which in his view was inadmissible evidence and no proper part of the State's case. Since by hypothesis the evidence aside from the confession is weak and the defendant has no reasons of his own to plead, a guilty plea in such circumstances is nothing less than a refusal to present his federal claims to the state court in the first instance—a choice by the defendant to take the benefits, if any, of a plea of guilty and then to pursue his coerced confession claim in collateral proceedings. Surely later allegations that the confession rendered his plea involuntary would appear incredible, and whether his plain bypass of state remedies was an intelligent act depends on whether he was so uncompetently advised by counsel concerning the forum in which he should first present his federal claim that the Constitution will afford him another chance to plead.

"A more credible explanation for a plea of guilty by a defendant who would go to trial except for his prior confession is his prediction that the law will permit his admissions to be used against him by the trier of fact. At least the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that the State's case is too strong to contest and that a plea of guilty is the most advantageous course. Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession, is an involuntary act. His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable." 379 U.S. at 768, 769, 90 S.Ct. at 1447, 1448.

In McMann the court was dealing with coerced confession, while here we are dealing with illegal search. Nevertheless, we see no difference in the application of the law. Nothing suggests that the plea, as distinguished from the search, is an involuntary act. Since the plea, judgment and sentence are valid in all other respects without any question as to the competency of the advice by defendant's private counsel, we have no difficulty in applying the reasoning of McMann to the particular issue raised on the appeal.

In addition to the foregoing is the matter of plea bargaining. As said in Leuck, the fact that the plea was made as result of a "bargain" does not change its character. State v. Linsner, 105 Ariz. 488, 467 P.2d 238 (1970); State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L. Ed.2d 162 (1970).

The record shows that the plea was to be entered upon the condition that the County Attorney would strike the allegation of prior conviction. The prior conviction allegation was stricken.

Affirmed.

STEVENS, P. J., and CASE, J., concur.