483 P.2d 576

**STATE of Arizona, Appellee,**

v.

**Ben Herbert SUTHERLAND, Appellant.**

**No. I CA–CR 257.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 14, 1971.

Rehearing Denied May 13, 1971.

Review Denied June 8, 1971.

Ross P. Lee, Public Defender, Maricopa County, by Anne Kappes, Deputy Public Defender, for appellant.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., for appellee.

STEVENS, Presiding Judge.

Ben Herbert Sutherland, the defendant in the Superior Court, appeals his judgment of guilt and his sentence after a plea of guilty in the Superior Court. This is one of the seemingly never ending appeals following the entry of a plea of guilty or as our Supreme Court expressed the thought in State v. Lycett, 107 Ariz. 46, 481 P.2d 839 (4 March 1971):

"Following McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a spate of guilty plea cases were filed in this court."

A complaint was filed in the Justice Court on 14 July 1968 charging the defendant, and another, with the crime of robbery which was allegedly committed on 13 July 1968. A preliminary hearing was held on 19 July 1968. A reporter's transcript of the preliminary hearing was filed in the Superior Court on 8 August 1968.

The reporter's transcript affirmatively discloses that the defendant, at gun point, caused Doris Townsend, a cashier at the downtown store of Penneys in Phoenix, to surrender to the defendant $171 in cash and a check payable to Penneys. The defendant and the other person jointly charged with him in the Justice Court complaint were apprehended within minutes by the police. At the preliminary hearing the defendant was represented by counsel and his co-defendant was represented by separate counsel. Both men were bound over to the Superior Court and on 9 August 1968 an information was filed charging both men with the offense of robbery. Attached to the information was an addendum relating to the defendant setting forth two prior convictions.

The defendant was released on bond and waived the 60-day period. The co-defendant plead to a lesser offense and that matter is not before us.

The matter of the final disposition of the case by the Superior Court was delayed by reason of the fact that the defendant was arrested out of state and subsequently sentenced to the United States Penitentiary at Ft. Leavenworth.

Shortly after the imposition of the federal sentence the defendant was returned to Phoenix where the events now in question took place. The defendant and his counsel, a well-qualified member of the staff of the Office of the Public Defender, consented to the filing of an amended information charging the defendant with grand theft in relation to the same transaction. The addendum as to the prior convictions was not attached to the amended information. The defendant's maximum sentence was thereby reduced from life to a period of not to exceed 10 years. The defendant's counsel advised the court in the defendant's presence relative to the advice which counsel had given to the defendant. Notwithstanding the fact that this portion of the proceedings is part of the subject matter of the appeal, there is no indication that the Deputy Public Defender in any way attempted to lead the trial court into error. After the statement by defense counsel the court questioned the defendant personally and the defendant personally entered his plea of guilty.

On the day fixed for the judgment of guilt and the pronouncement of sentence the defendant again appeared before the court. The defendant's only request was that his sentence for the grand theft be made to run concurrently with his federal sentence. The trial court elected to direct that the sentences be made consecutive. After the sentence was pronounced we find the following exchange in the reporter's transcript.

"THE COURT: Is there anything further?

MR. SUTHERLAND: Your Honor, I can go on back to Levenworth (sic) now, right?

THE COURT: Yes.

MR. SUTHERLAND: Okay, thank you very much."

The appeal urges that this cause be reversed and that the plea of guilty, the judgment of guilt and the sentence be set aside. The opening brief makes the following assertions of error.

"The court did not examine defendant to ascertain the factual basis of the plea nor did the court make any inquiry into the ability of defendant to understand the nature and consequences of the plea. The court also made no finding the plea

was entered voluntarily and understandably."

We quote a portion of Federal Rule 11.

"A defendant may plead * * *, guilty * * *. The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

Our Supreme Court in the case of State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971), recognizes that the United States Supreme Court has " * * * in effect, extended the procedural requirements of Rule 11 of the Federal Rules of Criminal Procedure to the state courts."

On appeal the defendant urges that the trial court must ascertain that there is a factual basis for the plea prior to the entry of the plea of guilty and that the defendant must admit the facts. We do not agree. In Arizona the final disposition is not always entered by the judge who accepts the plea. At the time of the entry of the plea the busy trial judge often is not informed as to the facts and has no basis upon which to then question the defendant as to the facts. Once the plea has been "made voluntarily with understanding of the charge and the consequences of the plea", the next phase of the criminal proceeding is that the case is investigated by a probation officer. It is only thereafter that the judgment of guilt and the sentence or probation are announced.

■ In the light of our procedures we analyze the Rule as follows:

On a plea of guilty, the rule requires:

1. That the court must address the defendant personally.

2. That the court must determine that the plea of guilty:

    a. is made voluntarily;

    b. is made with an understanding of the nature of the charge; and

    c. is made with the understanding of the nature of the consequences of the plea.

3. That before a judgment of guilty can be entered on a plea of guilty the trial court must be satisfied that there is a factual basis for the plea.

■ A reading of the preliminary hearing and a reading of the concisely worded amended information can leave no doubt but that the defendant understood the nature of the charge.

The defendant was questioned at the time of the entry of the plea as to threats, promises, and coercion and he advised the court that the plea was entered of his own free and voluntary act. The absence of magic words spoken by the trial judge does not render the entry of the plea of guilty invalid. In the case of State ex rel. Berger v. Superior Court, 105 Ariz. 553, 468 P.2d 580 (1970), we find the following statement:

"From the testimony at the voluntariness hearing the court could well have found that the defendant had voluntarily and intelligently waived his right to the presence of his appointed counsel. We hold that *there is no magic formula of words nor preordained ritual* which must be invoked in order to accomplish this waiver, as long as there is a satisfactory showing that the defendant did so willingly and with an understanding of what he was doing." (Emphasis added.) 105 Ariz. at 555, 468 P.2d at 582.

We recognize that appellate court time would be saved by more closely adhering to the formula of Federal Rule 11.

The record at the time of sentence discloses that the trial court had consulted the probation officer and was familiar with "the records on file in the proceedings." The court based its sentence "upon a review of all these facts." While the magic words "the court is satisfied that there is a factual basis for the plea" might be more

·desirable, the record before us clearly establishes the presence of a factual basis.

■ Had the trial court found an absence of a factual basis for the entry of a judgment of guilt, the court would have set aside the plea of guilty and it would not have proceeded to the judgment and sentence. It is appropriate to ascertain the ·presence or absence of a factual basis after the entry of the plea and prior to the entry ·of the judgment of guilt and the sentence.

■ Our Supreme Court in State v. Mancini, 107 Ariz. 71, 481 P.2d 864 (5 March 1971), pointed out that the recent ·case of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and therein cited, does not require a separate ·express admission as to the facts of the offense. It is conceivable that a defendant might elect to stand mute in relation to the factual basis. Under the theory advanced in connection with this appeal that there is a requirement that he must affirmatively admit the factual basis, should ·the defendant elect to remain mute this election on his part would result in voiding a judgment of guilt and sentence. We cannot believe that the Rule so provides. It is urged that the sentence pronounced in the Superior Court should have been con-·current with the federal sentence. Had the trial judge elected to have two sentences ·run concurrently, this choice would have been proper. State v. Rhodes, 104 Ariz. ·451, 454 P.2d 993 (1969). In our opinion Rhodes permits concurrent sentences but ·does not require concurrent sentences.

From a review of the record we can reach but one conclusion and that is that the rights of the defendant were adequately and fully protected at all stages of the pro-·ceedings. We wholeheartedly agree with our Supreme Court in its analysis of the role of counsel in the matters of the con-·stitutional rights of the defendants, an ·analysis stated in the case of State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969). Again, we state that appellate judicial time would probably be saved by a more ·literal compliance with the terms of Fed-

eral Rule 11 and having the proceedings reported by the court reporter. We regret that we are not privileged to accord to the trial judges of this State the integrity which they possess but as our Supreme Court stated in Laurino, the United States Supreme Court decision in Boykin provides that "we cannot presume a waiver of these * * * rights from a silent record."

From our review of the record in connection with this cause, it is our determination that the judgment and sentence are affirmed.

CASE and DONOFRIO, JJ., concur.