# 426

484 P.2d 195

The STATE of Arizona, Appellee,

v.

Carl Hugh NELSON, Appellant.

No. I CA–CR 329.

Court of Appeals of Arizona,
Division 1.

April 28, 1971.

Rehearing Denied June 1, 1971.

Review Denied June 29, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Chief Judge.

The appellant seeks reversal of his conviction of unlawful possession of marijuana on the grounds that acceptance of his guilty plea on February 9, 1970, did not comport with the requirements laid down by the Supreme Court of the United States in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He contends that the *Boykin* deficiency consists of the fact that the court did not make the requisite inquiry into the factual basis for the plea. Therefore, he argues, there is "nothing on the face of the record to support the acceptance of the plea."

The reporter's transcript shows that the defendant admitted that he was charged with possession of marijuana, that he understood the permissible range of sentences for the offense, that in pleading guilty he was waiving his rights to a jury trial, to call witnesses on his own behalf and to testify in his own behalf if he so desired, and that in pleading guilty he was admitting to the fact that he did that which he was charged with. He indicated that he wanted to plead guilty to possession of marijuana and that he was doing so voluntarily, understood what he was doing, and that no promises or threats had been made. He responded in the affirmative to a question as to whether he was pleading guilty to the charge of possession for the reason that he was guilty of possession of marijuana. The record also reflects the following colloquy:

"THE COURT: * * * You appreciate the fact that you have been charged with another information but I am specifically referring my questions to Cause No. CR 59244, which was issued the 26th day of January.

MISS WHITEHEAD [Defense counsel]: The charge was about the 12th of April, 1969, Maricopa County, that you had the marijuana?

MR. NELSON: Yes.

MISS WHITEHEAD: You had that on you?

MR. NELSON: Yes."

The transcript further reveals that the change of plea was the result of plea bargaining. The "statement of facts on conviction" refers to the adult probation officer's report as to its recitation of the facts and circumstances of the commission of the crime. At the time of sentencing, in

response to a question by the court, appellant stated *inter alia:*

"* * * and I forgot I had this can of marijuana on me, and that's the reason why I got in this thing. * * *"

The Arizona Supreme Court, in the recent case of State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (filed March 25, 1971), sustained the validity of a guilty plea under circumstances practically identical to the case at bench. In fact, in *Sullivan,* the defendant merely stated he was "guilty of the charge." The court stated:

"What is required to satisfy a court that there is a factual basis for the plea will differ in each case. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

Although the court is required to establish that there is a factual basis for the plea, we can find no requirement, as defendant urges [just as appellant Nelson does], when a guilty plea is made, that the court inquire into matters which might have been offered in defense such as entrapment, the result of laboratory analysis of the substance to determine if in fact it was marijuana, and whether it was a usable quantity. These are matters to be raised at the preliminary hearing, or at trial."

See also, State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971); State v. Sutherland, 14 Ariz.App. 344, 483 P.2d 576 (filed April 14, 1971).

Since we have considered the claim of *"Boykin"* error without first requiring application to the trial court to set aside the plea, State v. Sullivan, supra; State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (filed March 10, 1971), it is unnecessary to consider the contention presented with respect thereto.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.