485 P.2d 580

**STATE of Arizona, Appellee,**

v.

**Gary Lee JACKSON, Appellant.**

**No. I CA–CR 306.**

Court of Appeals of Arizona,
Division 1,
Department A.
June 7, 1971.

Ross P. Lee, Public Defender, Maricopa County, by James H. Kemper, Deputy Public Defender, for appellant.

Gary K. Nelson, Atty. Gen. of Arizona, by Carl Waag, Former Asst. Atty. Gen., for appellee.

STEVENS, Presiding Judge.

This is an appeal from a judgment of conviction after a plea of guilty to an open end charge of "confidence game" in violation of A.R.S. § 13–312.

On 16 July 1969 an Information was filed in the Superior Court for Maricopa County charging the defendant with the "theft of motor vehicle," a felony, in violation of A.R.S. § 13–672. The Information bore criminal cause number 58892. The Information charged that on 27 April 1969 the defendant took a 1959 Ford automobile from one Robert Smalley with the intent to permanently deprive. At his arraignment on 30 July 1969 the defendant entered a plea of not guilty to the charge.

On 14 May 1970 the defendant appeared in Superior Court to change his plea. The 14 May hearing also involved a separate criminal matter, which was assigned the number Cr. 61164, and was the subject of a separate appeal. See our opinion in State v. Jackson, 485 P.2d 583, filed May 26, 1971. The transcript of the proceedings keeps the matters clearly separate.

The State moved to amend the Information in number Cr. 58892 by interlineation.

There was no objection by the defendant and the State's motion was granted. The amendment of the Information was accomplished by striking out the words "Theft of Motor Vehicle" and "a felony" and inserting the words "Confidence Game" and by striking out the number "672" and inserting the number "312" so that the section violated read "A.R.S. Sec. 13–312." The words "open end" were then inserted at the end of the charging portion of the Information. The factual allegations of the Information were not changed.

In substance, the Information, as amended, charged the defendant with the crime of "confidence game" in that on 27 April 1969 he took a motor vehicle from Robert Smalley with the intent to permanently deprive him of the motor vehicle in violation of A.R.S. § 13–312, an open end charge.

The defendant then moved to withdraw his plea of not guilty to the charge of "theft of motor vehicle" and enter a plea of guilty to the charge of "confidence game." The trial court advised the defendant of his constitutional rights and of the consequences of his plea. The court then found that the plea in each of the two cases was made voluntarily and intelligently. The defendant orally entered his plea of guilty and the following exchange took place.

"THE COURT: In charge No. 58892, it was alleged that on the 27th day of April, 1969, you took a motor vehicle from a Robert Smalley, a 1959 white Ford T-bird with the intent to permanently deprive him of his automobile. Is that correct?

"THE DEFENDANT: Well, I bought the car knowing it was stolen from a friend of mine.

"THE COURT: You what?

"THE DEFENDANT: I bought the car from a friend of mind and got a number job on it.

"THE COURT: You knew it was a stolen vehicle?

"THE DEFENDANT: Yes."

On 2 June 1970 the trial court entered a judgment of guilty of "confidence game," designated it a felony, and sentenced the defendant to serve not less than one nor more than two years in the Arizona State Prison, and made the sentence to run concurrent with another.

The defendant urges on appeal that Arizona Courts are required to satisfy themselves that a factual basis for a plea of guilty exists prior to the entry of a judgment of guilt. We have recognized that this is the law in Arizona. State v. Sutherland, 14 Ariz.App. 344, 483 P.2d 576, filed April 14, 1971.[1] This is based upon the procedural requirements of Rule 11 of the Federal Rules of Criminal Procedure which, as announced by the Arizona Supreme Court in State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971), have been applicable in Arizona since the decision of the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In State v. Sutherland we held that it is not necessary for the trial court to make a specific finding that there is a factual basis for a plea of guilty if the record at the time of entry of the judgment of guilt and sentence clearly establishes the presence of a factual basis.

The gravamen of the offense of "confidence game" is the gaining of confidence of a victim by some false representation, deception or device. Clark v. State, 53 Ariz. 416, 89 P.2d 1077 (1939). The Information, as amended, does not allege facts which would support a charge of "confidence game." We have reviewed the record of the preliminary hearing, and, as set forth earlier in this opinion, the exchange between the defendant and the trial court at the time of the entry of his plea of guilty. No further information was elicited in relation to the defendant's acts

as they pertained to this cause at the time of entry of judgment of guilt and sentencing. The evidence at the preliminary hearing does not contradict the defendant's admission at the time of his plea of guilty.

The defendant concedes in his brief that the facts presented to the trial court constitute the offense of "receiving stolen property." A.R.S. § 13-621. The defendant's statements to the trial court constitute an admission of the violation of A.R.S. § 28-1423, the possession of a motor vehicle, knowing the same to have been stolen. It is apparent that the admitted conduct of the defendant does not constitute the offense of "confidence game."

The State has contended that the defendant did not present the claim he raises here to the trial court and that we may not consider the merits of this contention. We believe that the cases of State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (1971); State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (1971); and State v. Garcia, 14 Ariz. App. 314, 483 P.2d 55 (1971) [petition for review # 2310PR filed in Arizona Supreme Court on 13 May 1971], answer this question. The Supreme Court of Arizona held in the Leuck case that it is not necessary for the defendant to first petition the trial court to set aside his plea before an appellate court will consider his claim of a "Boykin" error.

It is our opinion that the record does not disclose a factual basis for the defendant's plea of guilty to "confidence game." For the reasons set forth above, the sentence, the judgment of guilt and the plea of guilty are vacated. This cause is reversed and the issuance of the mandate in connection herewith will constitute an order reinstating the criminal information charging the defendant with the offense of the theft of a motor vehicle.

CASE and DONOFRIO, JJ., concur.

---

1. We recognize that on 20 May 1971 a petition was filed requesting that the Arizona Supreme Court review our decision. The petition has not been ruled upon as of the date of this opinion.