514 P.2d 715

**STATE of Arizona, Appellee,**

v.

**Eva Mae ZARATE, Appellant.**

**No. 2646.**

Supreme Court of Arizona,
In Banc.

Oct. 3, 1973.

oin for sale pursuant to a plea bargain, the State dismissing the count, charging possession of amphetamines, and both counts of another criminal action then pending.

Defendant was advised of her rights by the trial judge and that she could be punished for a period of not less than five nor more than 15 years in prison. The trial judge did not interrogate defendant as to the factual basis for her guilty plea.

■■ This Court has held, see State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (1971), that in Arizona on a guilty plea the record must be supported by a factual basis for the plea. However, an omission to examine into an appropriate factual basis for the guilty plea can be supplied from other parts of the record. For example, it is the established practice in Arizona to withhold sentence until an opportunity has been had for the court's probation officer to prepare a presentence report disclosing facts surrounding the commission of the offense both in mitigation and aggravation. See, e. g., State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971).

When the defendant's opening brief was filed in this Court, the Attorney General moved for an order from this Court that the record be supplemented on appeal by the filing with the Clerk of the Court of the presentence report. This motion to supplement the record on appeal was granted.

■ The presentence report, however, does not establish the factual basis for the offense charged. It shows that a Phoenix police officer had received information from a confidential source that the defendant, together with two others, was selling heroin. Defendant and the other two were arrested and heroin was found, but the presentence report does not indicate which of the three was found in possession of the heroin.

Since the record does not establish the factual basis for the defendant's plea of guilty, this cause is remanded to the Superior Court for a hearing to determine if there was such a factual basis. If the plea

---

Gary K. Nelson, Atty. Gen. by Richard L. Klauer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Former Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Eva Mae Zarate pled guilty to the charge of possession of heroin for sale and received a sentence of not less than 14 nor more than 15 years. From judgment of conviction and her sentence, she appeals.

Defendant was charged with one count of possession of amphetamines and one count of possession of heroin for sale. After waiver of a preliminary hearing, she pled not guilty in the Superior Court to both counts. Defendant acknowledges in her brief before this Court that she pleaded guilty to the count of possession of her-

**584**

is supported by sufficient facts, the Superior Court shall so report to this Court and the judgment of conviction will be affirmed. If upon the hearing an appropriate factual basis for the guilty plea cannot be established, the Superior Court is directed to set aside the conviction and sentence and proceed in a manner consistent with this decision.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.