NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter.  Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts.*

*303 K Street, Anchorage, Alaska  99501*
*Fax:  (907) 264-0878*
*E-mail:  corrections @ appellate.courts.state.ak.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | | |
|---|---|---|
| THOMAS S. HANNAM, | ) | |
| | ) | Court of Appeals No. A-11561 |
| Appellant, | ) | Trial Court No. 3PA-11-1268 CR |
| | ) | t/w 3PA-12-1492 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| | ) | |
| Appellee. | ) | No.  2416 — June 13, 2014 |
| | ) | |

Appeal from the District Court, Third Judicial District, Palmer, David Zwink, Judge.

Appearances: Thomas Hannam, pro se, Palmer, for the Appellant.  Eric A. Senta, Assistant District Attorney, Palmer, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

Thomas S. Hannam pleaded guilty to misdemeanor driving under the influence.  He argues that there was not an adequate factual basis for his guilty plea, and

---

[*]   Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

that the district court therefore erred in accepting the plea. For the reasons explained below, we find no merit to this claim and affirm the decision of the district court.

*Facts and proceedings*

At approximately 2:00 a.m. on May 23, 2011, Alaska State Trooper J. Calhoun stopped Hannam for a traffic violation. During this contact, the trooper observed that Hannam had bloodshot and watery eyes, a strong odor of alcohol, slurred speech, difficulty forming sentences, a staggering gait, and poor manual dexterity. Hannam failed to complete the horizontal gaze nystagmus test, and he declined to participate in any further field sobriety tests.

Hannam was arrested for driving under the influence. He was then transported to the trooper station, where he refused to submit to a breath test. Some time later, at the jail, Hannam took two portable breath tests, and both tests indicated an alcohol level of .000.

The State charged Hannam with driving under the influence,[1] fourth-degree misconduct involving a weapon[2] (for possessing a handgun while intoxicated), and refusal to submit to a chemical test.[3] He was also cited for having an open container of alcohol in his vehicle.[4]

The case was resolved by a Rule 11 plea agreement. Hannam agreed to plead guilty to driving under the influence, and the State agreed to dismiss the other

---

[1]   AS 28.35.030.

[2]   AS 11.61.210(a)(1).

[3]   AS 28.35.032(a).

[4]   AS 28.35.029.

charges.  At the change of plea hearing, the district court judge asked Hannam if he understood that by entering his guilty plea he was admitting to operating a motor vehicle while under the influence of alcohol.  Hannam responded: "I do understand that."

After further discussion with Hannam about the rights he was giving up by pleading guilty, the judge found that Hannam was "acting in a knowing, voluntary and intelligent manner" and that there was "an adequate factual basis for the charge."  The judge then accepted the plea and entered a judgment convicting Hannam of driving under the influence.  Hannam appeals.

*Why we conclude there was an adequate factual basis for the plea*

Hannam claims that the district court should not have accepted his guilty plea because there was an inadequate factual basis for the plea.  To support this claim, Hannam relies primarily on the fact that two portable breath tests at the jail showed an alcohol level of .000 percent.

Alaska Criminal Rule 11(f) requires that "[t]he court shall not enter a judgment upon a plea of guilty without first being satisfied that there is a reasonable basis for the plea."  The purpose of the rule is to ensure that the conduct the defendant is admitting actually amounts to a violation of the offense to which he is entering a guilty plea.[5]  Before finding that there is an adequate factual basis for a plea,

---

[5]   *See* Charles Alan Wright and Andrew D. Leipold, 1A *Federal Practice and Procedure: Criminal 4th*, § 179, at 264-65 (2008):

> The goal of [the factual basis requirement in federal law] is to prevent
> a defendant who committed no crime from pleading guilty to one, and
> to prevent a defendant who is guilty of a lesser offense from pleading
> guilty to a higher charge.  A person may know what he or she has done,
>
> (continued...)

The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant had pleaded guilty.[6]

While complex and doubtful situations might require the court to engage in a more searching inquiry, in simple cases this rule may be satisfied by the reading of the charge and the defendant's subsequent plea.[7] In *Swensen v. Anchorage*, the Alaska Supreme Court found an adequate factual basis for the defendant's guilty plea to operating under the influence where the complaint contained a sworn statement by the arresting officer that Swensen was weaving on the road, his breath smelled strongly of alcohol, and his balance was poor, his eyes bloodshot, and his speech slurred.[8]

*Swensen* controls our decision in this case. Here, the sworn statement of the arresting officer in support of the criminal complaint stated that, at the time of the stop, Hannam had bloodshot, watery eyes, a strong odor of alcohol, slurred speech, difficulty forming sentences, poor manual dexterity, and that he staggered as he walked. The affidavit also stated that a half-empty liquor bottle was found under the back seat of the vehicle Hannam was driving, and that Hannam failed to complete the horizontal gaze

---

[5] (...continued)

but not be sufficiently knowledgeable about the law to recognize that these acts do not constitute the offense he is accused of committing.

[6] *Ulak v. State*, 238 P.3d 1254, 1257 (Alaska App. 2010).

[7] *Swensen v. Anchorage*, 616 P.2d 874, 880-81 (Alaska 1980) (citing *State v. Sutherland*, 483 P.2d 576, 578 (Ariz. App. 1971)).

[8] *Swensen*, 616 P.2d at 881.

nystagmus test and refused to submit to any other field sobriety tests or the Datamaster breath test.

Hannam argues that the electronic recording of the stop does not support the facts alleged in the arresting officer's affidavit and that the results of his later portable breath tests at the jail provided objective evidence that he was not intoxicated. But at the change of plea hearing, the court's task was not to weigh the credibility of conflicting evidence or to assess whether the State's evidence was strong enough for a jury to return a guilty verdict. Rather, the court's duty was to ensure only that there was a factual basis for Hannam's plea and that the conduct Hannam admitted — driving under the influence of alcohol — constituted the offense to which he entered a guilty plea. We find no error in the court's decision to accept Hannam's plea.

Hannam also asserts that he had winnable defenses to the State's other charges which were dismissed as part of the plea agreement. To the extent that Hannam wishes to claim that the attorney who represented him at the time of his plea was ineffective, or that for some other reason he should be allowed to withdraw his plea to correct manifest injustice, he must pursue those claims in an application for post-conviction relief in the district court.[9]

*Conclusion*

We AFFIRM the judgment of the district court.

---

[9] *See* AS 12.72.010.