485 P.2d 872

STATE of Arizona, Appellee,

v.

William D. BROWN, Appellant.

No. 1 CA–CR 321.

Court of Appeals of Arizona, Division 1, Department B.

June 16, 1971.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

McVay & Bradford, by J. Douglas McVay, Phoenix, for appellant.

JACOBSON, Presiding Judge.

To the formidable list of "Boykin"[1] appeals alleging error in the procedure followed prior to the acceptance of guilty pleas we now add this appeal.

The facts necessary for a determination of this matter are as follows. An original complaint was filed in the Justice Court of West Phoenix Precinct of Maricopa County charging defendant with the crime of grand theft by false representation. Following a preliminary hearing where evidence was presented, which in our opinion justified a finding that probable cause existed that defendant committed a crime of grand theft by false representation, the de-

1. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

fendant was bound over for trial before the Superior Court of Maricopa County. At the time set for trial an amended information was filed charging appellant solely with the crime of confidence game, a violation of A.R.S. § 13–312. The amended information was filed without objection from the defendant or his counsel and the defendant thereafter entered a plea of guilty to the amended information.[2]

Appellant was later sentenced to a term of from two to five years in the Arizona State Prison. Approximately one month following the sentencing, defendant moved to vacate the judgment and sentence on the grounds that he had not understood the range of punishment possible for the crime to which he had entered his plea. A hearing was held in Superior Court on this motion at which time the issue was resolved against the defendant, it clearly appearing from the record that defendant had been repeatedly advised of the range of sentences he might receive.

■■■ Defendant has now shifted his complaint regarding the guilty plea procedure to an alleged defect in the court's inquiry into the defendant's understanding of the factual basis for the plea, urging in this connection that the trial court erred in failing to explain the elements of the crime.

It has been held by the Arizona Supreme Court[3] and this court[4] that even Rule 11 of the Federal Rules of Criminal Procedure does not require that each and every element of the crime be explained to a pleading defendant. If Federal Rule 11 applies to state courts, it is sufficient that the court, not the defendant, satisfy itself of the factual basis for the plea, this factual basis of necessity showing the elements of the crime. There is no contention in this case that the defendant did not

knowingly and intelligently enter his plea of guilty. Only the question as to whether the factual determination was made is raised.

The Arizona Supreme Court has recently held[5] that the trial court need not ascertain the factual basis solely from the mouth of the defendant, but may make this determination from transcripts of the preliminary hearing as well as the probation report. At the preliminary hearing, the State, after establishing that the defendant had delivered a $7,000 check to Coulter Cadillac for the purchase of a Cadillac convertible, called the assistant manager of the bank upon which the check was drawn.

"Q. Did you yourself make a search of the records pertaining to an account relative to the name of William Brown?

"A. Yes, I did.

"Q. Will you describe to the court what you did in your search.

"A. I went to search our signature card file and found a signature card signed by William Brown. However, there was no opening deposit ever made to his account and, therefore, the account was never set up at the Valley Bank.

"Q. Is it your procedure that an opening account must be accompanied by a deposit?

"A. I can't say if it is procedure or policy, rather, but the procedure is not to open it without funds.

"Q. There was a signature card there?

"A. Yes, but no deposit was ever made."

It was defendant's contention that he was expecting funds from California to satisfy this check and some $16,000 in other checks written in the Phoenix area. At the time of sentencing, the trial court in-

---

2. It is apparent from the record that the amended complaint and ensuing plea of guilty were the result of a plea bargain. The crime of confidence game can, according to the sentences imposed by the court, be treated as a misdemeanor.

3. State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971).

4. State v. Jackson, 14 Ariz.App. 591, 485 P.2d 580 (CR 306 filed June 7, 1971).

5. State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (1971).

quired into this contention by way of explanation of the Court's sentence:

"THE COURT: Although the time has been short, Mr. Janney has made quite a thorough investigation.

"When he first spoke with me, Monday afternoon, having a few of the facts, there were certain things that I wished to know and he has spent the 72 hours intervening working to try to investigate, as best he can, and advised me of the fact that in trying to investigate the matters, he finds no facts whatsoever, or none which you have been able, or willing, to give him to substantiate your story at all.

"We have contacted at least 15 branches of the Wells Fargo Bank, endeavoring to check out your story. We have no knowledge of the person who supposedly—

"MR. BROWN: Yes.

"THE COURT: —was in San Francisco giving you this information.

"MR. BROWN: Yes.

"THE COURT: So, that we are unable to check this out and there is not one shred of evidence that we could find, although we have tried very diligently to do so, to substantiate your story in this respect.

"It has also come to the Court's attention, since this plea was taken, that the Scottsdale Police Department is holding additional checks from the—is it the Valley—

"MR. BROWN: Valley Ho, yes.

"THE COURT: Is it the Valley Ho Hotel?

"MR. BROWN: Yes.

"THE COURT: All of which were apparently part of the same transaction.

"MR BROWN: Yes, they were.

"THE COURT: Here in the Phoenix area and again we have been unable to check out any substantiating factors that would lead the Court to believe that in fact you did, in good faith, believe that there would be funds available. The Court has nothing to base a judgment other than the fact that a $16,000 check was passed and a seven something—some additional $7,000 check was passed and that in fact a car was obtained with that money.

"With these facts in mind, and no legal cause appearing to the Court, by reason of your plea of guilty, it is the judgment of this Court that you are guilty of the crime of confidence game, a felony."

From the foregoing it is apparent that the court had conducted a thorough investigation into the facts underlying the crime with which defendant was charged and was well aware of the factual basis for defendant's plea. We need only add that in our opinion the matters presented at the preliminary hearing established as a matter of record the factual basis for defendant's plea.

■ The defendant next raises the sufficiency of the complaint in its failure to identify a victim and to identify the property allegedly obtained by the confidence game. This court recently had occasion to discuss the effect of a preliminary hearing on a contention that the complaint was insufficient.[6] We need not reiterate here our reasoning in that case, it being sufficient to state that the complaint in this matter, which identified the crime by statute, after preliminary hearing and being the result of a plea bargain entered into by defendant's attorney and the prosecutor, was sufficient.

Judgment affirmed.

HAIRE, and EUBANK, JJ., concur.

6. State v. Schwartz, 14 Ariz.App. 531, 484 P.2d 1060 (1971).