492 P.2d 734

**STATE of Arizona, Appellee,**

v.

**Charles Richard LIDEN, Appellant.**

**No. 1 CA–CR 348.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 19, 1972.

Rehearing Denied Feb. 22, 1972.

Review Denied April 18, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Presiding Judge.

On September 18, 1970, defendant Charles Richard Liden pleaded not guilty to charges of robbery and assault with a deadly weapon. Thereafter, on September 30, 1970, he pleaded guilty to an amended information which reduced the charge to theft from the person. Prior to accepting the plea, the trial judge advised the defendant of his constitutional rights, and thoroughly examined him in order to ascertain that the guilty plea was voluntary, and knowingly and intelligently entered.

On this appeal from the judgment of conviction and sentence entered on the guilty plea, defendant contends that the guilty plea was not valid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) because the court did not advise him of the elements of the charge against him and did not ascertain that the acts admitted by him constituted the charge.

In State v. Brown, 15 Ariz.App. 48, 485 P.2d 872 (1971), this Court considered and rejected the "elements of the crime" argument now urged by defendant and held as follows:

"It has been held by the Arizona Supreme Court and this court that even Rule 11 of the Federal Rules of Criminal Procedure does not require that each and every element of the crime be explained to a pleading defendant. If Federal Rule 11 applies to state courts, it is sufficient that the court, not the defendant, satisfy itself of the factual basis for the plea, this factual basis of necessity showing the elements of the crime. 15 Ariz. App. at 49, 485 P.2d at 873. (Footnotes omitted).

*See also,* State v. Jackson, 14 Ariz.App. 591, 485 P.2d 580 (1971); State v. Moreno, 16 Ariz.App. 191, 492 P.2d 440 (filed January 10, 1972).

■■ Here the record presents an adequate factual basis for the acceptance of defendant's plea to the reduced charge. Aside from the detailed testimony of the victim at the preliminary hearing, the defendant himself responded as follows to questions from the trial judge at the time his guilty plea was accepted:

"THE COURT: Mr. Liden, would you please tell me the facts that led to this charge, so that the Court will have them before it before hearing your plea? Just briefly, what happened on or about the 11th of August? Where were you and—

"MR. LIDEN: Oh, I was at the Circle K at Indian School and about Eleventh Street and—

"THE COURT: About what time of day or night was this?

"MR. LIDEN: Well, it was about midnight, I believe, or thereabouts.

"THE COURT: And what took place, very briefly?

"MR. LIDEN: Well, I *held up* Mr. Storm in his store. (Emphasis added).

"THE COURT: He was the manager or at least the person on duty at the Circle K?

"MR. LIDEN: Yes, Your Honor.

"THE COURT: And in connection with that holdup did you—how did you accomplish that? Was there a weapon involved?

"MR. LIDEN: Yes, Your Honor.

"THE COURT: And what sort of weapon was it?

"MR. LIDEN: Oh, it was a revolver, I believe.

"THE COURT: And were you the party that had the revolver, is that correct?

"MR. LIDEN: Yes, Your Honor."

The use by defendant in his above-quoted testimony of the term "held up" conveys the factual basis for the charge far more graphically than any response which otherwise might have been elicited as the result of technical questions by the Court relating to the legal elements of the crime charged. In our opinion the fact that defendant's responses might well have supported the more serious original charges against him does not in any way mitigate against the validity of his election to accept the opportunity to plead guilty to the reduced charge of theft from the person. *Cf.* North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Judgment affirmed.

EUBANK and JACOBSON, JJ., concur.