493 P.2d 524

**STATE of Arizona, Appellee,**

v.

**Jerry Lee FULPER, Appellant.**

**No. 1 CA–CR 301.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 7, 1972.

Rehearing Denied March 9, 1972.

Review Denied April 18, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee; Professor Joel Finer, Tucson, of counsel.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Presiding Judge.

On this appeal from defendant's conviction and sentencing on a plea of guilty to a charge of motor vehicle theft, defendant questions the sufficiency of the information upon which the plea was entered. The pertinent part of the information reads as follows:

"The said Jerry Lee Fulper, on or about the 29th day of January, 1970, and before the filing of this information at and in the County of Maricopa, State of Arizona, wilfully and unlawfully took from Dana Brothers a motor vehicle, to-wit: one 1969 Dodge Charger, RT, Arizona License #LMN–735, ID #XS29L9B162001, with intent to permanently deprive said Dana Brothers of said motor vehicle, all in violation of A.R.S. Sec. 13–672, Amended Laws 1968: contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona." [1]

Specifically, defendant contends that the information is defective because there is neither an allegation of ownership in "Dana Brothers" nor an allegation that "Dana Brothers" is a legal entity capable of ownership.

Initially, we note that the Arizona Supreme Court has held that a plea of guilty entered pursuant to an information which does not state a public offense is void. State v. Smith, 66 Ariz. 376, 189 P.2d 205 (1948); State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962); State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952). In our opinion the information in the case at hand sufficiently stated the charged public offense and therefore defendant's conviction and sentence on his guilty plea must be sustained.

First, assuming that it was necessary to allege *ownership* in Dana Brothers, we reject defendant's contention that such ownership was not sufficiently alleged. Rule 122, subd. B, Ariz.Rules Crim.Pro. (1956), 17 A.R.S., provides as follows:

"B. In charging an offense in which an allegation of ownership of property is satisfied by proof of possession or right of possession, any statement in an indictment, information or bill of particulars which implies possession or right of possession is a sufficient allegation of ownership."

Proof of the type of crime described in A.R.S. § 13–672 requires only a showing of an unlawful taking with the statutorily required intent from another who then has possession of the motor vehicle involved. State v. Scofield, 7 Ariz.App. 307, 438 P.2d 776 (1968); R. Perkins, Criminal Law 238 (2d Ed. 1969). Here the information alleged that defendant ". . . unlawfully took *from* Dana Brothers a motor vehicle. . . ." (Emphasis added). The use of the word "from" at the minimum implies possession in Dana Brothers and thus complies with Rule 122, subd. B, Ariz.Rules Crim.Pro. (1956). Furthermore, it should be noted that the statute setting forth the crime charged uses exactly the same

1. A.R.S. § 13–672, as amended Laws 1968, reads in part as follows:
   "§ 13–672. Theft of motor vehicle or motorcycle; penalty
   "A. It shall be unlawful for any person to take *from* another a motor vehicle or motorcycle with the intent to either temporarily or permanently deprive such other person of such motor vehicle or motorcycle.
   "B. A person found guilty of intent to permanently deprive another of his motor vehicle or motorcycle is guilty of a felony." (Emphasis added).

language, "It shall be unlawful for any person to take *from* another a motor vehicle. . . ." (emphasis added) and the Arizona courts have held many times that an information is sufficient when it alleges the charge in the language of the statute. State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968); State v. Miller, 100 Ariz. 288, 413 P.2d 757 (1966); Branham v. State, 33 Ariz. 170, 263 P. 1 (1928). *See also,* Rule 148, Ariz.Rules Crim.Pro. (1956), setting forth forms for the charging of specific offenses, wherein the following form is given:

"Theft.—A. B. stole from C. D. one horse."

From the foregoing it is evident that insofar as an allegation of possession or ownership might be required, that requirement was complied with in the information under consideration.

■ We also reject defendant's contention that the information was defective because there was no allegation that Dana Brothers was a legal entity capable of ownership. Under the provisions of subdivisions B and C of Rule 127, Ariz.Rules Crim.Pro. (1956), it is clear that an information is not defective if it describes a group or a corporation by any name or designation sufficient to identify it and that no allegation of entity status is necessary.[2]

Defendant relies heavily upon Phelps v. State, 25 Ariz. 495, 219 P. 589 (1923). However, in our opinion the Phelps decision is no longer applicable in this state. As stated in State v. Scofield, *supra:*

"Since *Phelps,* the majority of decisions interpreting rules of criminal procedure similar to our own hold that the old formalistic rule is no longer pertinent and that it is usually not necessary to allege or prove corporate existence or the ability to own property on the part of an alleged victim in a larceny or embezzlement. The following is illustrative of this view:

'The name of the owner of property stolen is material only to the extent it serves a descriptive purpose. Another is to show that it is not the property of the accused, and that the accused may know whose property he is alleged to have stolen so that he may be prepared to meet or refute the charge at the trial. And, where the identity of the alleged owner is sufficiently established and the defendant is not deceived or misled to his prejudice, no error results. Pownall v. People, 135 Colo. 325, 311 P.2d 714, 52 C.J.S. Larceny § 79, p. 882.'

\*   \*   \*   \*   \*   \*

"Under the allegations of this information, there is no confusion as to the identity of the motor vehicle which the defendant is charged with having embezzled from 'Econo-Car International Inc. of Tucson.' The proof is uncertain as to whether this was a separate corporation or merely a trade name under which an individual by the name of Earl J. Mort did business. As to ownership, Mr. Mort testified that the car in question was one he had leased from '\* \* \* Chrysler leasing corporation. \* \* \*' But, whoever or whatever owned this automobile, it is crystal clear that the defendant did not and that this charge

---

2. Rule 127, subds. B and C, Ariz.Rules Crim.Pro. (1956), reads as follows:

"B. It is sufficient for the purpose of describing any group or association of persons not incorporated to state the proper name of such group or association, or to state any name or designation by which the group or association has been or is known or by which it may be identified, or to state the names of all the persons in such group or association, or to state the name or names of one or more persons in such group or association, referring to the other or others as 'another' or 'others.'

"C. It is sufficient for the purpose of describing a corporation to state the corporate name of such corporation, or any name or designation by which it has been or is known, or by which it may be identified, without an averment that the corporation is a corporation or that it is incorporated according to law."

relates to a particular motor vehicle which he rented from a lessor doing business under the name indicated in the information." 7 Ariz.App. at 313, 438 P.2d at 782. (Emphasis in original).

*See also,* State v. Shroyer, 49 N.M. 196, 160 P.2d 444 (1945).

■■ The allegation in the information that defendant unlawfully took the motor vehicle "from Dana Brothers" is certainly sufficient to apprise the defendant of the charge that he unlawfully took a motor vehicle "from another" and that is precisely what is required by our rules and statute. If defendant considered the allegation "Dana Brothers" to be so indefinite that he was unable to meet or refute the charge, then his remedy was to move for a bill of particulars pursuant to Rule 116, Ariz.Rules Crim.Pro. (1956), so as to obtain the information necessary to enable him to prepare his defense.[3] We reject defendant's contention that a different standard must be applied when a defendant pleads guilty rather than proceeding to trial. The record before the trial court, including the transcript of the preliminary hearing, provided an adequate factual basis for the acceptance of defendant's guilty plea, and there can be no doubt that defendant understood clearly what specific taking was referred to by the allegations of the information. Unquestionably, the record in the trial court is sufficient to enable defendant to successfully urge the defense of double jeopardy if he is subsequently charged with the same taking. *See* State v. Garza, 15 Ariz.App. 147, 486 P.2d 827 (1971).

■ Defendant further contends that his guilty plea was not valid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) because the trial judge did not advise him of the elements of the charge against him. In State v. Brown, 15 Ariz.App. 48, 485 P.2d 872 (1971) and State v. Liden, 16 Ariz.App. 238, 492 P.2d 734 (filed January 19, 1972), this Court considered and rejected the "elements of the crime" argument now urged by defendant and held as follows:

> "It has been held by the Arizona Supreme Court and this court that even Rule 11 of the Federal Rules of Criminal Procedure does not require that each and every element of the crime be explained to a pleading defendant. If Federal Rule 11 applies to state courts, it is sufficient that the court, not the defendant, satisfy itself of the factual basis for the plea, this factual basis of necessity showing the elements of the crime." 15 Ariz.App. at 49, 485 P.2d at 873. (Footnotes omitted).

*See also* State v. Jackson, 14 Ariz.App. 591, 485 P.2d 580 (1971); State v. Moreno, 16 Ariz.App. 191, 492 P.2d 440 (filed January 10, 1972). Here, as stated above, it was not necessary that the record reflect that "Dana Brothers" was a legal entity capable of ownership. Also, as stated above, the record reflects an adequate factual basis for the acceptance of the guilty plea.

The judgment is affirmed.

EUBANK and JACOBSON, JJ., concur.

---

3. Although the specific question here involved was not discussed, see State v. Lombardo, 104 Ariz. 598, 457 P.2d 275 (1969) and State v. Little, 104 Ariz. 479, 455 P.2d 453 (1969) for example of informations using language almost identical to the language used in the information here being considered.