493 P.2d 943

**STATE of Arizona, Appellee,**

v.

**James Clayton HUNT, Appellant.**

**No. 1 CA–CR 328.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 17, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee; James L. Robinson and William Gibney, Univ. of Ariz. (College of Law), Tucson, of counsel.

Stewart & Florence by Mathis Becker, Phoenix, for appellant.

CASE, Judge.

Appellant Hunt was initially charged by information with forgery in violation of A.R.S. § 13–421 (as amended 1966), to which he entered a plea of not guilty. The punishment set forth for a violation of this statute is imprisonment in the state prison for a term of not less than one nor more than fourteen years. On 27 February 1970, as a result of a plea bargain, an amended information was filed charging Hunt with violation of the bogus check statute, A.R.S. § 13–311 (as amended 1969), to which Hunt entered a plea of guilty. The punishment provided by A.R.S. § 13–311 is imprisonment in the state prison for not less than one nor more than five years. During these events, Hunt was represented by counsel.

On appeal, appellant contends that his plea of guilty was taken in contravention of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969) and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), in that the record failed to show he understood the essential elements of the crime to which he entered a plea of guilty.

Our Supreme Court in State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971), determined that in order to comply with Boykin, the trial court must find the plea of guilty to be made voluntarily, intelligently and knowingly, and further that strict compliance with Rule 11, Fed.R. Crim.P. is not required.

At the time of the change of plea on 27 February 1970, the following conversation took place:

"MR. MANGUM: Your Honor, State at this time asks leave to file amended information in this case charging the defendant with the crime of bogus check.

THE COURT: The record may further show the County Attorney moves to file

amended information in this action alleging bogus check, a felony. Any objection?

MR. DOUGHERTY: No objection, your Honor.

THE COURT: It is ordered granting the motion to file amended information, and the Clerk is directed to file the amended information.

You are Mr. James Clayton Hunt?

. MR. HUNT: Yes, sir.

THE COURT: Will you look at the amended information in the caption which I present and tell me if that's your correct name and correct spelling.

MR. HUNT: Yes, sir.

THE COURT: Mr. Hunt, you are charged by amended information filed in this Court with the crime of bogus check, a felony. Do you wish to have the amended information read to you?

MR. HUNT: No, I read it.

MR. DOUGHERTY: We waive the reading of the information.

THE COURT: Have you been furnished a copy of the information?

MR. HUNT: Yes, sir."

. The amended information which Hunt admitted reading, stated:

"The said JAMES CLAYTON HUNT on or about the 9th day of October, 1969, and before the filing of this information at and in the County of Maricopa, State of Arizona, with intent to cheat and defraud, obtained, or attempted to obtain, from JUDIE CONRAD at GRAHAM'S LIQUORS, money, property or a valuable thing, by means or by use of any false or bogus check, or by any other printed, written or engraved instrument, all in violation of ARS Sec 13–311, as amended 1969 . . ."

We believe the reading of this information sufficiently informed appellant of the crime charged so that his subsequent plea was intelligently made.

Our courts have uniformly held that the trial court need not advise appellant of the specific elements of the charge against him. State v. Fulper, 16 Ariz.App. 357, 493 P.2d 524, (filed Feb. 7, 1972); State v. Liden, 16 Ariz.App. 238, 492 P.2d 734, (filed Jan. 19, 1972); State v. Moreno, 16 Ariz.App. 191, 492 P.2d 440, (filed Jan. 10, 1972); State v. Brown, 15 Ariz. App. 48, 485 P.2d 872 (1971); State v. Jackson, 14 Ariz.App. 594, 485 P.2d 583 (1971).

The transcript of the entry of the guilty plea affirmatively indicates that the plea was knowingly, intelligently and voluntarily made.

Affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.