493 P.2d 934

**STATE of Arizona, Appellee,**

v.

**Bernard JACKSON, Appellant.**

**No. I CA–CR 333.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 17, 1972.

Rehearing Denied March 22, 1972.

Review Denied May 9, 1972.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Judge.

The defendant has appealed from a judgment and sentence of four to five years imposed upon his plea of guilty to burglary, second degree.

Since both of the contentions raised by the defendant seeking to invalidate his plea of guilty have been passed on by the appellate courts of this state adversely to the defendant, we will not unduly lengthen this opinion by detailed recitation of the facts. Suffice it to say that from the record before this court it is apparent that the trial court adequately explained the nature of the charge against the defendant and the defendant understood that charge; that the trial court explained the possible punishment defendant could receive upon his plea of guilty and the defendant understood that possible punishment; that the trial court ascertained that defendant's plea was not the result of promises, threats or coercion; and that the trial court ascertained a factual basis for that plea. In other words, the record adequately reflects that defendant's plea of guilty was knowingly, intelligently, and voluntarily made.

■ The defendant's first contention is that the trial court failed to advise the defendant of the elements of the charge against him and thus his plea was rendered invalid.

In State v. Brown, 15 Ariz.App. 48, 485 P.2d 872 (1971), we held that:

" . . . [E]ven Rule 11 of the Federal Rules of Criminal Procedure does not require that each and every element of the crime be explained to a pleading defendant. . . . [I]t is sufficient that the court, not the defendant, satisfy itself of the factual basis for the plea, this factual basis of necessity showing the elements of the crime. . . ." 485 P.2d at 473

*Also see,* State v. Liden, 16 Ariz.App. 238, 492 P.2d 734 (filed Jan. 19, 1972); State v. Fulper, 16 Ariz.App. 357, 493 P.2d 524 (filed Feb. 7, 1972); State v. Moreno, 16 Ariz.App. 191, 492 P.2d 440 (filed Jan. 10, 1972).

■ The second contention made by the defendant is that the defendant failed to waive, on the record, his constitutional rights of trial by jury, right of confrontation, and privilege against self-incrimina-

tion. This contention was answered in the recent Supreme Court decision of State v. Zaye, 108 Ariz. 13, 492 P.2d 392 (filed Jan. 5, 1972), which held:

"The absence of the express waiver of the specific constitutional rights did not invalidate the plea."

Judgment affirmed.

HAIRE, P. J., and EUBANK, J., concur.