495 P.2d 510

**STATE of Arizona, Appellee,**
**v.**
**David Allen ANDRUS, Appellant.**
**No. 1 CA–CR 376.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 5, 1972.

Rehearing Denied May 9, 1972.

Review Denied July 11, 1972.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CASE, Judge.

This is an appeal by the defendant, David Allen Andrus, from a judgment of conviction entered on his plea of guilty to an information charging him with the offense of forgery, a felony, and from a prison sentence of from ten to fourteen years imposed thereon.

On 18 August 1970 a complaint was filed in the Northwest Phoenix Justice Court alleging that the defendant on or about 27 July 1970:

".  .  . with intent to defraud, did utter, publish, pass (or attempt to pass) as true and genuine to HOWARD AUNE, a certain forged instrument purporting to be a check for $20.00 on the Arizona Bank, all in violation of A.R.S., Sec. 13–421, as amended 1966."

Defendant waived preliminary hearing and on 18 September 1970 an information was filed in the Superior Court of Maricopa County which read as follows:

"The said DAVID ALLEN ANDRUS on or about the 27th day of July, 1970 and before the filing of this information at and in the County of Maricopa, State of Arizona, with intent to defraud, did utter, publish, or pass, or attempt to pass as true and genuine to Howard Aune, a certain forged instrument purporting to be a check for $20 on the Arizona Bank, all in violation of A.R.S. § 13–421, as amended in 1966, contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona."

Initially, at the arraignment, defendant entered a plea of not guilty but thereafter on 26 October 1970 defendant changed his plea and plead guilty. Thereafter, on 10 November 1970 he filed a motion to withdraw his plea of guilty upon the belief that the State had not complied with its agreement to dismiss other charges. This motion was withdrawn when defendant was assured that the charges would be dropped.

On 10 December 1970 the Court imposed sentence of ten to fourteen years and this appeal followed.

Defendant raises two issues on appeal. (1) The information was not sufficient to state a public offense and (2) the trial court failed to advise defendant of the elements of the crime to which he was pleading.

If an information fails to state a public offense, even though defendant made no objection to the information at the time of entry of plea, said information is void and it is a question of fundamental error. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962); State v. Smith, 66 Ariz. 376, 189 P.2d 205 (1948); State v. Osborn, 16 Ariz.App. 573, 494 P.2d 773 (filed March 16, 1972). Our Supreme Court in the case of State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968), in a case involving a charge of forgery, stated that for an information to be legally sufficient it must fully indicate the crime charged; it must state the essential elements of the alleged crime and must be sufficiently definite to apprise the defendant so that he can prepare his defense to the charge. A test of the sufficiency of the information is whether in a subsequent prosecution for the unlawful act described in the information the defendant could plead the information as a bar. State v. Suarez, 106 Ariz. 62, 470 P.2d 675 (1970).

In State v. Sianez, 103 Ariz. 616, 447 P.2d 874 (1969), our Supreme Court upheld an information which in pertinent part read:

"*Forgery* committed as follows, to-wit: The said Manuel Duran Sianez on or about the (date) * * * with intent to defraud, did sign the name of a fictitious person, to wit: Mary Stuard, knowing he had no authority so to do, all in violation of A.R.S. Sec. 13–421."

The Court held that the above information complied with Rule 115, Ariz.R.Crim.P., 17 A.R.S.; that it was not necessary that the

particular forged document be described; and that any other specific facts regarding the check could be secured through a bill of particulars.

The instant information conforms with the requirements of Sianez and Rule 115 to sufficiently notify defendant of the crime charged. Regarding double jeopardy, we believe that this information will preclude a subsequent prosecution for uttering, publishing, passing or attempting to pass a $20 check drawn on the Arizona Bank to Howard Aune on or about 27 July 1970. Defendant had the right to request a bill of particulars which he effectively waived by his failure to request it. State v. Cutshaw, 7 Ariz.App. 210, 437 P.2d 962 (1968).

Defendant next urges that the trial court violated the rule set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in not advising him of the particular elements of the crime charged. We have previously held that the trial court need not advise defendant of the specific elements of the crime charged to comply with Boykin. State v. Hunt, 16 Ariz.App. 397, 493 P.2d 943, (filed February 17, 1972), and cases cited therein. We find that the trial court correctly determined that the plea in the case at bar was entered voluntarily, intelligently and knowingly as required by State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971).

Affirmed.

STEVENS, Presiding Judge.

I concur in part and dissent in part. I concur in relation to that portion of the opinion concerning the elements of the offense.

I respectfully dissent as to the sufficiency of the information, a matter not presented to the trial judge. A bill of particulars could have cured the information. The defendant was under no obligation to seek a bill of particulars. Had there been a trial, all of the essential elements of the offense including the content of the forged document would have been established, or a motion for a directed verdict would have been appropriate. The defendant would have been armed with facts which he could use to establish a defense of former jeopardy pursuant to Criminal Rules 168, 169, 171 and 177.

In my opinion, the majority goes beyond Sianez, and while I am bound by Sianez, I believe Sianez does not require an affirmance.

I would reverse.