499 P.2d 111

**STATE of Arizona, Appellee,**

v.

**Melvin Eugene JACKSON, Appellant.**

**No. 1 CA–CR 359.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 3, 1972.

Rehearing Denied Aug. 3, 1972.

Review Granted Oct. 3, 1972.

534

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Chief Judge, Division 1.

This is an appeal from a judgment of conviction entered on a plea of guilty to one count of aggravated battery and from a sentence of not less than three nor more than four years. The relevant facts are as follows.

On July 1, 1969 Mildred T. Sackman was attacked at her home by three or four young men. She was struck on the head and knocked unconscious. Later she discovered that a television set and a purse containing jewelry and checks had been taken from her home.

Shortly after the incident, Mrs. Sackman identified the defendant as one of her assailants from a photograph. At that time defendant was in the custody of the Maricopa County Juvenile Court. He was not charged with any offenses relating to this incident until after he became 18 years of age, which was some 11 months after the incident. He then was charged with burglary, grand theft, and aggravated battery.

Defendant moved to dismiss or quash the information on the ground that the late bringing of the charges violated his right to a speedy trial. This motion was denied, and defendant then indicated that he wished to plead guilty to Count III of the information, aggravated battery. The court inquired into the voluntariness of the plea, advised the defendant of certain consequences of his plea, and finally accepted

it. At the time of sentencing the other two charges were dismissed.

On appeal defendant argues that his plea of guilty is invalid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969) for a number of reasons. First, he contends that the trial court failed to advise him as to the possible penalty he might incur as a consequence of the plea. A review of the record shows that the sole reference to the possible penalty made at the time the plea was accepted was that the defendant was entering a plea to an open-end offense. This communicated nothing about the range of sentence involved; it only indicated that the court could treat the offense either as a felony or as a misdemeanor. The only other reference to the possible sentence was an ambiguous remark made by the County Attorney during an argument over bail at the preliminary hearing, to-wit:

"MR. CARTER: Your Honor, I would like to be heard on the question of the defendant's bond. In view of the brutality of the offence, and in view of the maximum penalties that could be imposed if you take all three of these counts and add them consecutively the maximum penalty is great enough that it could possibly put this man away well into middle age, and I would ask that the Court set a bond of not less than $5,000.-00."

It is true, as the State points out, that the trial court examined the defendant extensively. The trial judge ascertained that he had a grammar school education, and that he had discussed with his attorney "the results, and what could happen as a result" of his pleading guilty. The court also advised him that the offense could be treated either as a felony or a misdemeanor, and ascertained that no threats or promises had been made to him. But the record does not reflect that he was advised of the highest range of possible sentence before the acceptance of his plea. This is what Boykin requires.

Subsequent to the plea in the instant case our Supreme Court decided State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971), which held that Boykin requires that the trial court advise a defendant of the possible maximum sentence. The parties in this case devote considerable attention in their briefs to the question of whether or not Hooper is retroactive. We find it unnecessary to decide this question in view of our belief that Hooper does not set new constitutional standards but merely correctly interprets Boykin on this point.

■ As our Supreme Court noted, Boykin held that since, by a plea of guilty, a defendant surrenders three constitutional rights—the right to remain silent, the right to a jury trial, and the right to confront witnesses against him—the record must affirmatively show that the guilty plea was intelligently and voluntarily made. To be truly intelligent a plea must be made with an understanding of its attending "consequences". Thus, as our Supreme Court pointed out, the United States Supreme Court, when it used the word "intelligent" in Boykin, must have intended a showing of the equivalent to that part of Federal Rule 11 which requires that the federal judge determine that a plea is made with an understanding of the "consequences of the plea". One of the more important of these "consequences" is the maximum length of time a defendant might have to spend in prison. In accord with this, as our Supreme Court noted in Hooper, at least eight of the eleven circuits have construed Federal Rule 11 to require that a defendant be advised of the highest range of the possible sentence before pleading. We are of the opinion that this is a proper reading of Boykin. Moreover, we cannot assume from the record before us that the defendant *knew* what possible sentence he might receive.

■ The proper remedy for this error, however, is not to set aside the plea of guilty and the judgment of conviction. Here again, we agree with the holding of

Hooper. As in that case, the record here reflects that the defendant voluntarily pled guilty to one of the original counts in the information; and aside from a minor objection which we will shortly dispose of, he does not urge that he was unaware of the consequences of the plea. Ordinarily, in light of this we would assume that the defendant's attorney advised him of the possible benefits to be derived from a plea of guilty to one charge in return for the dismissal of the other two, and, therefore, of the differences in the range of punishments. But, as the record does not affirmatively show that he was advised as to the maximum term he could receive, we will order that the case be returned to the Superior Court of Maricopa County for this determination.

The Superior Court is directed to hold an evidentiary (Hooper) hearing to determine whether defendant was advised by his counsel or had knowledge before pleading guilty to the charge of aggravated battery of the possible maximum sentence for that charge, as well as the differences in the ranges of maximum penalties between that and the other two charges. If the trial court finds that the defendant was adequately informed as to these matters, then it will advise this Court by appropriate findings of fact, in which event, if the findings are supported by the evidence, the judgment of conviction will be affirmed. If the trial court finds that the defendant was not advised by his counsel as to these matters, it is directed to vacate the plea of guilty, reinstate the original information and all counts thereof, and rearraign the defendant.

■ We find no error on the other matters raised on this appeal. Defendant contends that the failure of the trial court to explain to him the elements of the offense at the entry of the guilty plea also violates Boykin. This contention has been rejected by the appellate courts of this state on numerous occasions on the theory that even Federal Rule 11 does not require this. *See* State v. Jackson, 16 Ariz.App. 388, 493 P.

**536**

2d 934 (filed February 17, 1972); State v. Brown, 15 Ariz.App. 48, 485 P.2d 872 (1971). *See also* State v. Fulper, 16 Ariz. App. 357, 493 P.2d 524 (filed February 7, 1972); State v. Liden, 16 Ariz.App. 238, 492 P.2d 734 (filed January 19, 1972); State v. Moreno, 16 Ariz.App. 440, 492 P. 2d 440 (filed January 10, 1972). All that is required is that the court be satisfied that there is a factual basis for the plea to the offense. From the record in this case it is clear that the court had before it a sufficient factual basis showing the elements of aggravated battery.

■ Defendant's third contention is that he was denied his right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 2 § 24 of the Arizona Constitution, A.R.S. The incident in question occurred on July 1, 1969. He was not charged with the crime until June 15, 1970. This hardly approximates the 8 year delay present in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), where the United States Supreme Court found undue prejudice to the defendant. Unlike the situation in Dickey, here there were no lost records, no deceased witnesses, and no other circumstances causing extreme prejudice to the accused by virtue of the delay in prosecution. Thus the general rule in Arizona that the right to a speedy trial begins after the defendant is held to answer should govern in this case. *See* State v. Tafoya, 104 Ariz. 424, 454 P.2d 569 (1969); State v. French, 104 Ariz. 359, 453 P.2d 505 (1969); State v. Saiz, 103 Ariz. 567, 447 P.2d 541 (1968); State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966).[1] Moreover, by entering a plea of guilty to the charge the defendant waived any question in regard to his right to a speedy trial. State v. Rhodes, 104 Ariz. 451, 454 P.2d 993, cert. denied, 396 U.S. 945, 90 S.Ct. 383, 24 L.Ed.2d 246 (1969); State v. Tuggle, *supra*; Eyman v. Superior Court, 9 Ariz.App. 6, 448 P.2d 878 (1968).

■ Defendant also complains of the fact that the prosecuting authorities delayed prosecuting him until he reached the age of adulthood. Defendant points out that there was no need or justification for this delay; that the officials had as much information to charge him in July of 1969 as they had in June of 1970. However true this may be, there is nothing in our statutes or in the body of constitutional law, other than a general statute of limitations, which precludes a prosecutor from holding off on filing charges until a defendant has reached the age of legal adulthood.

■ Defendant's final constitutional claim is likewise not sustainable. It is that prosecution on the charge of aggravated battery was barred by the double jeopardy clause of the Fifth Amendment, because a petition for delinquency on other acts was pending at the time of the incident in this case. The argument he advances is one of "merger"; *i.e.,* since the incident occurred before defendant was sent to the State Industrial School at Fort Grant, Arizona, any charges which might have been brought merged with the adjudication of delinquency which resulted in his being sent there. There is no authority for this position. Perhaps it is true, as defendant contends, that the philosophy underlying the juvenile court system is to deal with a child as a whole and to make such disposition as is consonant with the best interests and welfare of the child. Perhaps the juvenile process should not be used as a means of punishing a child piecemeal for offenses in existence at the time of disposition. And perhaps it does serve little purpose to send a child to an industrial school for training if, regardless of his conduct there, he is subject to recommitment upon his release for other acts committed when he was a juvenile. But these are matters for the legislature, not the courts, to consider and resolve. The courts are limited to passing on claims having legal merit under the Constitution.

1. *See also,* Yucupicio v. Superior Court, 108 Ariz. 372, 498 P.2d 460 (1972).

or statutes at the time they are brought. This claim has none under existing law, and this court will not attempt to legislatively create a basis therefor.

This matter is remanded to the Superior Court for an evidentiary hearing as hereinabove directed.

EUBANK, and JACOBSON, JJ., concur.