503 P.2d 960

**STATE of Arizona, Appellee,**

v.

**Charles Dwayne ROWE, Appellant.**

No. 2381.

Supreme Court of Arizona,
In Banc.

Dec. 6, 1972.

Gary K. Nelson, Atty. Gen. by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant, Charles Dwayne Rowe, was charged with second-degree murder for the murder of his foster child, Patricia Jo Ella Hanson. He entered a plea of not guilty on April 13, 1971. On May 12, the State filed an amended information charging Rowe with voluntary manslaughter in violation of A.R.S. §§ 13-456 and 13-457, subsec. A and dismissed a companion case. Defendant pled guilty to voluntary manslaughter and on May 24, 1971, the trial judge entered judgment and sentenced him to serve from nine to ten years.

On appeal, the public defender was appointed by the court as attorney for the defendant. In compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1972), counsel filed a motion to withdraw as counsel plus a brief "referring to anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S.Ct. at 1400. Also in compliance with *Anders, supra,* Rowe was notified of his counsel's position, a copy of the attorney's motion and brief were supplied to him, and he was given 60 days after the filing of the attorney general's brief in which to file further briefs. No additional briefs were filed.

Counsel suggests possible error in that the trial court failed to establish that the defendant understood the nature of the charges against him. The court asked Rowe if he understood that the amended information charged him with the crime of voluntary manslaughter, a felony, and the

defendant replied "Yes." The court further explained that, "the particular charge being that on or about October 3, 1970, in the County of Maricopa, State of Arizona, you killed one Patricia Jo Ella Hanson, in violation of the Arizona Revised Statutes," to which Rowe responded "Yes." The trial judge stated that on the basis of the record of the guilty plea hearing plus the statements made by the defendant to the probation officer, the court was satisfied that there was a factual basis for the plea.

Arizona courts have consistently held that the trial court need not advise the defendant of the specific elements of the charge against him, that it is sufficient that the court satisfy itself that a factual basis for the plea exists. State v. Fulper, 16 Ariz.App. 357, 493 P.2d 524 (1972). It is clear from a reading of the record that the defendant understood the nature of the charge against him.

Affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.