504 P.2d 55

**STATE of Arizona, Appellee,**

v.

**Andy Frank NEWMAN, Appellant.**

**No. I CA–CR 429.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 19, 1972.

**525**

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

EUBANK, Judge.

The defendant appeals from his plea of guilty to an information charging him with aggravated battery in violation of A.R.S. § 13-241 and § 13-245, subsec. A, par. 7, as amended, and from the subsequent judgment of guilt and sentence which imprisoned him for six months in the county jail.

The brief filed in this Court on behalf of the defendant is in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), and raises two questions:

1. Did the trial court adequately establish on the record that the defendant understood the nature of the charges against him?

2. Did the trial court establish a factual basis for the plea?

Referring to the first question, defendant contends that the record does not demonstrate that "the defendant understands the nature of the charge to which he is pleading."

At the hearing on May 25, 1971, defendant's counsel addressed the court in defendant's presence and declared that the defendant wished to withdraw his plea of not guilty and "enter a plea of guilty to the information charging the crime of aggravated battery, a misdemeanor". Thereafter the following colloquy took place between the trial judge and the defendant:

"THE COURT: You understand that by the information filed in this case that you're charged with the crime of aggravated battery?

THE DEFENDANT: Yes, I do.

THE COURT: And that the specific charge is that on or about March 15, 1971, in the County of Maricopa, State of Arizona, that you committed an aggravated battery upon one Gary Allen Hinkle in violation of the Arizona Revised Statutes?

THE DEFENDANT: Yes, sir.

THE COURT: You fully understand the crime charged against you?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the Court has determined that at the time of sentencing the Court will treat the crime charged as a misdemeanor?

THE DEFENDANT: Yes, sir.

THE COURT: Do you desire to enter a plea of guilty to the crime of aggravated battery as charged in the information?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed with your attorney what may happen as a result of your plea of guilty to this crime?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that on your plea of guilty that the Court could punish you by imprisonment in the county jail for not to exceed one year, by a fine not more than two thousand dollars, or both such imprisonment and fine?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Do you further understand that by your plea of guilty that you are admitting to the Court that you committed the crime charged?

THE DEFENDANT: Yes, sir.

THE COURT: Are you willing to assume the responsibility for your conduct?

THE DEFENDANT: Yes, sir, I am.

THE COURT: Having considered the matters that the Court has asked, do you still desire to enter a plea of guilty to the crime of aggravated battery as charged in the information?

THE DEFENDANT: Yes, sir, I am.

THE COURT: Do you have any questions that you wish to ask the Court, the deputy county attorney or your own attorney before the Court accepts or rejects your plea?

THE DEFENDANT: No. Well, the only question I'd like to ask the Court is about my back-time; would it be granted to me?

THE COURT: The Court will make that determination at the time of sentencing.

How long have you been in the county jail?

THE DEFENDANT: About two and a half months now.

THE COURT: The Court will certainly consider that at the time of sentencing, but I'm not going to make that determination now. I'll wait until I receive the report from the probation officer and then make that determination at the time of sentencing. Any further questions?

THE DEFENDANT: No, no further questions.

THE COURT: You fully understand the crime that's charged against you?

THE DEFENDANT: Yes, sir.

THE COURT: And the constitutional rights that you are waiving by entering a plea of guilty to that crime?

THE DEFENDANT: Yes, sir.

THE COURT: And the consequences of entering a plea of guilty to the crime charged?

THE DEFENDANT: Yes.

THE COURT: Mr. Weber, I assume you've discussed this with the defendant, and do you feel he fully understands the consequences of entering a plea of guilty to the crime charged?

MR. WEBER: I have discussed it, your Honor. I feel he fully understands the consequences."

\* \* \* \* \* \*

On June 7, 1971, at the time of sentencing the court asked defendant whether he still wanted his plea of guilty to stand and he answered in the affirmative.

In addition to the foregoing, the record shows the presence of the defendant at his preliminary hearing on April 6, 1971, where City Police Officer Gary Hinkle testified that the defendant hit him with his fist three times in the face fracturing his nose.

In our opinion the foregoing adequately establishes that the defendant understood the nature of the charge against him.

The last question deals with whether there was a "factual basis" for the plea of guilty. In our opinion the foregoing establishes a sufficient factual basis. *See* State v. Rowe, 109 Ariz. 12, 503 P.2d 960 (No. 2381, filed December 6, 1972).

Finally we have reviewed the record for fundamental error and finding none, affirm the judgment.

Judgment affirmed.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.