504 P.2d 542

**STATE of Arizona, Appellee,**

v.

**Anthony Hedric JOHNSON, Appellant.**

**No. 1 CA–CR 419.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 28, 1972.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., for appellee.

Anthony Hedric Johnson, in pro. per.

STEVENS, Presiding Judge.

This is an appeal from a judgment of guilt and sentence based upon a plea of guilty entered to a charge which was reduced as a result of a plea bargain. The plea bargain took place after a full preliminary hearing and after a portion of the State's case had been presented in the trial on the merits.

The appellant, Anthony Hedric Johnson, herein referred to as the defendant, and another were jointly charged by a Superior Court information with the offense of an assault with a deadly weapon "to-wit: a gun" pursuant to A.R.S. § 13–249, subsec. B, as amended in 1967. The charge set forth in the information carries a permissible range of sentence from a minimum of five years to a maximum of life. There are additional sanctions for successive convictions of the violation of A.R.S. § 13–249, subsec. B. The information was amended by striking the above-quoted words thereby bringing the offense within A.R.S. § 13–249, subsec. A with a sentence range of not less than one year and not more than ten years. The offense charged, as modified, is within the criminal appellate jurisdiction of this Court. The defendant pled guilty to the information, as amended by the strike-out, and was sentenced to not less than six years nor more than seven years.

The plea bargain was openly reached and the trial court was fully informed. While there may have been two pending

**2**

charges against the defendant for the possession of marijuana, it was established that there was at least one and the agreement was made that the one, and the other if pending, would be dismissed in consideration of the plea.

The defendant appealed and the Public Defender was appointed to represent him. The Public Defender searched the record and filed an ANDERS type brief. Therein he urged that there were two possible areas of error, namely:

1. That the record did not clearly reflect that the defendant was fully aware of all of the elements of the offense, and;

2. That the defendant should have been permitted to withdraw his plea of guilty.

This Court permitted the Public Defender to withdraw, directed that the records on appeal be sent to the defendant, allowed the defendant to file his own brief and fixed a definite time for the filing thereof. No brief was filed by the defendant and the State filed its answering brief. After the time for the filing of all briefs had expired, the Court met to consider the appeal on its merits. The Court then became aware of the fact that through inadvertence the record was silent as to the service of the answering brief on the defendant. On the Court's own motion, the Court caused the answering brief to be reproduced and forwarded to the defendant with an order further extending his time to file a reply brief.

By correspondence the defendant requested a copy of the probation officer's report, which is not of record in this Court, and a copy of the reporter's transcript of the preliminary hearing. The latter was reproduced and again more time was allowed to the defendant. This last extension of time expired without a further brief from the defendant and the Court then considered the merits of the appeal.

The record discloses a full presentation of the fact that the victim received a gunshot wound after he had refused a demand for money and that the wound shattered a bone in his leg causing the victim to be hospitalized for some period of time. At the time of the entry of the plea the questioning by the trial court discloses a full understanding by the defendant as to the nature of the charge. Our Supreme Court has held that the detailed recitation of the elements of the offense is not required. State v. Rowe, 109 Ariz. 12, 503 P.2d 960 [Cause No. 2381, filed 6 December 1972] and State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (1971).

The defendant voluntarily entered a plea of guilty although he professed innocence. He acknowledged that he entered the plea on his belief that he would be found guilty. He acknowledged that by so pleading he reduced the maximum sentence which could be imposed and he acknowledged that he received the benefit of the dismissal of the possession of marijuana case. The defendant professed unhappiness with the Public Defender and after the entry of the plea sought to withdraw the plea, even before the jury was excused, to enable him to employ his own counsel for the trial. He again attempted to withdraw his plea at the time of sentence. Both of these requests for withdrawal were denied. The acceptance of the plea was within the scope of North Carolina v. Alford, 400 U. S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). See also State v. Hooper, 107 Ariz. 327 at 329, 487 P.2d 394 at 396 (1971).

We find no error in the matters suggested by the brief of the Public Defender. We have examined the record for fundamental error pursuant to A.R.S. § 13–1715 and have found none.

The judgment and sentence are affirmed.

CASE and DONOFRIO, JJ., concur.